18605—John Lampe, doing business as Shipper Express, v. James Altimari, a minor, by his father, next friend, Joseph Altimari. Motion to order Hamilton Appeals to certify record. Overruled.
Docketed May 23, 1924. 2 Abs. 371.

18616—National Fire Ins. Co. v. Theodore M. Wills. Motion to order Guernsey Appeals to certify record. Overruled.
Docketed June 1, 1924. 2 Abs. 387; mo. cer. ov. 2 Abs. 454.

18617—Lulu M. Leeper v. Harry Sparks, Exr. Motion to order Green Appeals to certify record. Withdrawn.
Docketed June 2, 1924. 2 Abs. 387.

18618—A. R. Mueller, d. b. a., A. R. Mueller Printing Co. v. Culver Eyman, a minor, by, etc. Motion to order Cuyahoga Appeals to certify record. Sustained.
Docketed June 2, 1924. 2 Abs. 387.

18619—International Union of Steam and Operating Engineers et al v. Henry Brodie. Motion to order Cuyahoga Appeals to certify record. Overruled.
Docketed June 2, 1924. 2 Abs. 387.

18622—George W. Glover v. Capital Food Co. Motion to order Harrison Appeals to certify record. Overruled.
Docketed June 2, 1924. 2 Abs. 387.

18630—George H. Beazell v. State of Ohio. Motion for leave to file petition in error to Hamilton Appeals. Overruled.
Docketed June 6, 1924. 2 Abs. 404.

18642—William H. Chatfield v. State of Ohio. Motion for leave to file petition in error to Hamilton Appeals. Overruled.
Docketed June 9, 1924. 2 Abs. 404.

18746—Guy Longbrake v. State of Ohio. Motion to order Logan Appeals to certify record. Sustained.
Docketed Aug. 5, 1924. 2 Abs. 483.

18780—Dwight Harrison v. State' of Ohio. Motion to file petition in error to Franklin Appeals. Overruled.
Docketed Sept. 16, 1924. 2 Abs. 578.

# Weekly Abstract Of Pending Cases

These cases have been filed in the Supreme Court, and most of them are for hearing there on motion to certify the record. The references to The Abstract above each case direct the reader to the paragraph telling of the filing of the case, and give the character of the hearing.

These reports are published exclusively in The Abstract.

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 686
### DAVIS v. WYATT
No. 18357. Supreme Court
#### ON MOTION TO CERTIFY
Motion to require Belmont Appeals to certify record.
Docketed Feb. 13, 1924. 2 Abs. 115

**801. MUNICIPAL LAW**—Has a mayor the right to remove a police officer without charges or hearing?

#### Epitomized Statement
This case comes before the Supreme Court of Ohio on motion to certify. Michael Davis was a duly acting Chief of Police in the city of Bellaire, and John Wyatt was Mayor of that city. On Nov. 29, 1922, Wyatt removed and discharged Davis and filed the order of removal with the Civil Service Commission and appointed another Chief of Police. The reasons given for Davis's removal were incompetency, insubordination, neglect of duty, discourteous treatment, failure to obey orders, and for the public good and service. Davis appealed the removal to the Civil Service Commission, but the Mayor's order of removal was sustained.

The Chief claimed that his removal from office by the Mayor was not upon complaint and hearing as provided by Sec. 38 of Art. 2 of the Ohio Constitution, and also that it was contrary to Sec. 5 of Art. 1 of the Ohio Constitution. The removal was sustained by the Common Pleas, whereupon the accused prosecuted error to the Court of Appeals. In sustaining the judgment, the Court of Appeals held that the charges against Davis were sustained by the evidence and that no error was committed in removing him from office. The principal questions for the consideration of the Supreme Court are::

1. Is 486-17a GC. inconsistent with Sec. 38, Art. 2, of the Ohio Constitution?

2. Was Art. 38, Sec. 2, of the Ohio Constitution complied with in the removal of Davis from office?

3. Did the Mayor have authority to remove the police officer without giving him an opportunity to have a hearing on the charges preferred against him?

Attorneys—N. K. Kennon, St. Clairsville, for Davis; Paul V. Waddell, Bellaire, for Wyatt.

### No. 687
### MULCAHY v. AKRON (City) et al
No. 18704. Supreme Court
#### ON MOTION TO CERTIFY
Motion to require Summit Appeals to certify.
Docketed July 15, 1924. 2 Abs. 452; OA. 2 Abs. 566; mo. cer. sus. 2 Abs. 610.

**801. MUNICIPAL LAW**—Suit by taxpayer to enjoin execution of a public contract.

This case comes before the Supreme Court upon a motion to certify. Mulcahy, a taxpayer of the city of Akron, brought an action to enjoin the city and its officials from entering into a contract with the defendant, the Moran Construction Company, for the construction of a municipal building. Mulcahy had been one of the bidders but was not the lowest bidder. Prior to March, 1924, Akron had caused to be prepared plans and specifications of a municipal building. These plans and specifications were approved by the City Council by a resolution which directed the Service Director to receive bids for the con-

## OHIO SUPREME COURT—Continued

struction of the building. The Service Director advertised for bids for the proposed structure.

In bidding, the bidders were required first to bid for materials and labor; to submit his proposal for some 30 alternates; substitutions of high grade materials of manufacturers not mentioned as acceptable within the base bid. Among other things the specifications were altered provided the method for determining the amount to be paid therefor. The Moran Construction Co. was among the six general contractors bidding, but failed to furnish the names of his proposed subcontractors. Later the city called upon Moran to furnish the names of all sub-contractors which he proposed to employ, which was done, and thereupon the contract was awarded to Moran.

The plaintiff claimed that the scheme and plan adopted by the city for receiving bids upon the proposed improvement did not afford to the city the competition which is required in the letting of public contracts, and if carried into effect by awarding the contract as proposed, it would permit the city to contract for a building, many parts of which were never planned or specified, and would permit the city, at the will of the officials or its architect, to build a structure of a design and of materials and workmanship never contemplated by the bidders for the work nor by Council which approved the plans. The Court of Common Pleas found the issues in favor of the plaintiff and enjoined the defendant from executing the proposed contract.

The defendants prosecuted error to the Court of Appeals. In rendering the judgment for the defendants, and refusing the injunctive relief, the Court of Appeals held that (1) By virtue of Art. 18, Sec. 3, of the Ohio Constitution a municipality may award a contract without complying with the statutory provisions imposing limitations upon the power of a municipality to contract. (2) As the council had approved the plans and specifications, the contract may be awarded on these plans and specifications even though so drawn as to wholly prevent "competition" as that word has commonly been defined. (3) In a non-charter city there are no limitations upon the authority of council to award contracts in any manner in which it sees fit, and in charter cities there is no such limitation unless it be in the charter itself. The principal questions before the Supreme Court for its consideration are:

1. Has a tax payer a right to maintain an action to enjoin the execution of a public contract?

2. Can the motive of the tax payer in bringing said action be inquired into?

3. Can the city of Akron award a public contract without complying with the statutory provisions limiting the power of a municipality to contract?

4. What effect does Art. 18, Sec. 3, of the Ohio Constitution have upon statutes limiting the power of municipalities to contract?

5. Where the Council has approved the plans and specifications, can the contract be awarded on these plans and specifications even though so drawn as to wholly prevent competition?

Attorneys—Commins, Brouse, Englebeck & McDowell and Rockwell & Grant, for Mulcahy; H. M. Hagellarger, for Akron; all of Akron.